United States District Court
Southern District of Texas
**ENTERED**
January 24, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| EDUARDO CARREON-IBARRA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 5:19-CV-137 |
| | § | CRIMINAL ACTION NO. 5:08-CR-244-19 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Pending before the Court are five motions: (1) Petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, (2) Petitioner's amended § 2255 motion, (3) the Government's motion to dismiss Petitioner's § 2255 claims, (4) Petitioner's motion for a stay pending his facility's reconstruction, and (5) Petitioner's motion for a stay pending a petition for writ of certiorari from the Third Circuit (Civ. Dkt. Nos. 1, 8, 12, 26, 29). With respect to the first three motions, the United States Magistrate Judge has issued a Report and Recommendation (the "Report"), to which Petitioner filed objections (Civ. Dkt. Nos. 24, 26).

Having considered the record, arguments, and applicable authorities, Petitioner's objections (Civ. Dkt. No. 26) are **OVERRULED**, and the Court **ADOPTS** the Magistrate Judge's Report (Civ. Dkt. No. 24). Petitioner's motions for a stay (Civ. Dkt. Nos. 26, 29) are **DENIED**. Petitioner's motions for postconviction relief (Civ. Dkt. Nos. 1, 8) are **DENIED WITH PREJUDICE**, and the Government's motion to dismiss (Civ. Dkt. No. 12) is **GRANTED**. A certificate of appealability is **DENIED**.

## BACKGROUND

In 2006, Petitioner acted as a *sicario*, or assassin, for the Los Zetas drug cartel (Cr. Dkt. No. 261 at 4). Petitioner and a juvenile accomplice traveled from Nuevo Laredo, Mexico, to Laredo, Texas, to murder a rival cartel member. *United States v. Carreon-Ibarra*, 542 F. App'x 351, 351 (5th Cir. 2013) (per curiam). Before Petitioner and the juvenile could execute their plan, officers intervened and arrested them at their motel, and a search yielded multiple firearms. *Id.* at 351–52. The record further indicates that, prior to his arrest, Petitioner had attempted to secure at least two grenades—one to throw at a local bar and another to throw at police officers who followed him (Cr. Dkt. No. 1158 at 6–7).

Ultimately, Petitioner was sentenced for two offenses: (1) traveling in foreign commerce and using a facility in interstate and foreign commerce to commit a crime of violence to further a drug trafficking enterprise (the "racketeering conviction") and (2) possessing a firearm in furtherance of a drug trafficking crime (the "firearm conviction") (Cr. Dkt. Nos. 1143, 1145). *Carreon-Ibarra*, 542 F. App'x at 351. Petitioner then filed his § 2255 motion, which was supplemented by an amended § 2255 motion (Civ. Dkt. Nos. 1, 8). In total, Petitioner raises three arguments for postconviction relief: (1) the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019), rendered Petitioner's firearm conviction unconstitutional, (2) his racketeering conviction is unconstitutional because the Government's evidence was insufficient, and (3) Petitioner's attorney rendered ineffective assistance of counsel (Civ. Dkt. No. 8). After the Government filed a motion to dismiss Petitioner's claims for habeas relief, the Magistrate Judge issued the Report, which recommended

denying Petitioner's § 2255 motions and granting the Government's motion to dismiss (Civ. Dkt. Nos. 12, 24). Petitioner then filed objections, as well as two motions to stay this habeas proceeding (Civ. Dkt. Nos. 26, 29). The first motion for stay is incorporated in Petitioner's objections, and it seeks an open-ended continuance until his prison's facilities are renovated and its law library is updated (Civ. Dkt. No. 26 at 3). The second motion for stay advises that a case from the Third Circuit has been appealed to the Supreme Court, and Petitioner would like to suspend this habeas proceeding until the appeal is resolved (Civ. Dkt. No. 29). *See United States v. Walker*, 990 F.3d 316 (3d Cir. 2021), *cert. filed*, No. 21-102 (U.S. July 22, 2021). To date, the Supreme Court has not ruled on the petition for writ of certiorari filed in *Walker*.

## LEGAL STANDARD

A party who files timely objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections to a report must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b); *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Moreover, the district court need not consider frivolous, conclusory, or general objections. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds*, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

## DISCUSSION

### A. Ground One: Whether *Davis* Invalidates Petitioner's Firearm Conviction

Petitioner first argues the Supreme Court's decision in *Davis* renders his firearm conviction unconstitutional (Civ. Dkt. No. 1). As the Report correctly notes, this argument misreads the Supreme Court's holding (Civ. Dkt. No. 24 at 4–7). *Davis* held that 18 U.S.C. § 924(c)(3)(B)'s definition of a "crime of violence" was unconstitutionally vague. 139 S. Ct. at 2336. Because the provision did not give fair notice of a potential sentence increase, an enhancement thereunder violated the "twin" pillars of due process and separation of powers. *Id.* at 2323–25.

But here, the Court did not increase Petitioner's sentence under § 924(c)(3)(B). Rather, it increased Petitioner's sentence under § 924(c)(1)(A). *Carreon-Ibarra*, 542 F. App'x at 351. Under this provision, a court can increase a defendant's sentence if the defendant carries a weapon for either a crime of violence *or* a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A). The record is clear. Petitioner's enhancement was based on *both* a crime of violence and a drug trafficking offense:

> THE COURT: Now, let me kind of go through that a little bit differently. The offense is, you know, possession of a firearm in furtherance of a crime of violence for a drug trafficking offense. [Explains elements of the offense]. That's what the government would be required to prove if the case did proceed to trial . . . . Do you understand that?
>
> DEFENDANT: Yes, ma'am.

(Cr. Dkt. 1156 at 28–29). *See Carreon-Ibarra*, 542 F. App'x at 351. Whether a "crime of violence" under § 924(c)(1)(A) is unconstitutionally vague has no bearing on Petitioner's sentence. Because Petitioner's sentencing enhancement was based on

4

another predicate offense—here, a drug trafficking crime—it is a constitutionally valid conviction (*see* Civ. Dkt. No. 24 at 7 (listing cases addressing similar arguments and reaching the same conclusion)).

In his objections, Petitioner generally states that all of § 924(c)(1)(A) is unconstitutionally vague (Civ. Dkt. No. 26). Because the Court need not consider general or conclusory objections, Petitioner's objection to this portion of the Report is **OVERRULED**. *Nettles*, 677 F.2d at 410 n.8. This portion of the Report is **ADOPTED**.

### B. Grounds Two and Three: Whether the Government's Evidence Sufficiently Supported a Conviction and Whether Counsel Rendered Ineffective Assistance

In his Report, the Magistrate Judge concluded Petitioner's other two grounds for habeas relief were time-barred (Civ. Dkt. No. 24 at 8–9).[1] In so doing, the Magistrate Judge first determined that Petitioner's conviction became final on January 16, 2014 (*id.* at 8). Under § 2255's one-year limitations period, Petitioner's statute of limitations lapsed on January 16, 2015 (*id.*). Because Petitioner raised these arguments more than four years after the limitations period expired and no tolling provisions applied, the Magistrate Judge concluded Petitioner's arguments were untimely (*id.* at 8–9). The Magistrate Judge further concluded that even if the arguments were timely raised, they were meritless (*id.* at 9–12). Petitioner's objections do not address this portion of the Report (Civ. Dkt. No. 26). Accordingly, this portion of the Report is **ADOPTED**.

---

[1] To clarify, Petitioner's *Davis* argument was not time-barred (Civ. Dkt. No. 24 at 4–5). The Supreme Court decided *Davis* after Petitioner was sentenced, and the decision applies retroactively (*see id.*).

5

### C. Petitioner's Motions for a Stay

The Court now turns to Petitioner's motions for a stay. The first motion states that in 2018, Petitioner's facility in Florida was damaged by Hurricane Michael, a Category 5 storm (Civ. Dkt. No. 26 at 2). Although the hurricane impacted the facility years ago, Petitioner alleges that as of September 1, 2021, the prison still lacks a law library and working kitchens (*id.*).

If Petitioner's representations are true, the Court expresses its sympathies. But despite Petitioner's difficulties, there is no good cause to enter an open-ended stay (*see* Civ. Dkt. No. 27). First, when Petitioner filed the motion and amended motion in 2019, he was housed at a facility in Indiana (Civ. Dkt. No. 1 at 1; Civ. Dkt. No. 8-1). The record does not indicate that the Indiana facility lacked an adequate law library. Petitioner was only relocated to the Florida facility in 2020 (Civ. Dkt. No. 22). To the extent Petitioner was prejudiced by his Florida facility's inadequacies, such inadequacies affected his ability to prepare objections to the Report.

Second, the Court has already granted Petitioner four extensions (Civ. Dkt. Nos. 14, 17, 18, 27). Three of these extensions were granted while Petitioner was housed in Indiana. Overall, "[t]hese circumstances do not so much show excusable neglect as they show a party seeking to set his own deadlines." *McCarty v. Thaler*, 376 F. App'x 442, 444 (5th Cir. 2010). This already protracted matter cannot be delayed further.

Third, both the Magistrate Judge and the undersigned have thoroughly reviewed Petitioner's arguments for postconviction relief, and they are unavailing. The first argument fails on its merits, and any additional briefing from Petitioner

would be futile. As for the other two arguments, they are time-barred, and any additional briefing will not disturb this conclusion. For these three reasons, denying a stay would not prejudice Petitioner, and the motion for a stay pending his facility's renovation (Civ. Dkt. No. 26) is **DENIED**.

So too with Petitioner's second motion for a stay (Civ. Dkt. No. 29). Petitioner bases this request on *Walker*, a Third Circuit decision that has been appealed to the Supreme Court (*id.*). But *Walker* has no bearing on this matter. In *Walker*, the appellant's question to the Supreme Court is whether a "crime of violence," as defined in § 924(c)(1)(A), "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Walker*, No. 21-102, *pet. for cert.* at i, 1 (U.S. July 22, 2021). As the Court already explained, Petitioner's § 924(c)(1)(A) enhancement is based on both a crime of violence and a drug trafficking offense. Even if an enhancement under a crime of violence is ultimately unconstitutional, Petitioner's conviction can still be upheld on the drug trafficking prong. The motion to stay pending the Supreme Court's decision in *Walker* (Civ. Dkt. No. 29) is **DENIED**.

### D. Certificate of Appealability

Finally, the Report recommends that a certificate of appealability be denied (Civ. Dkt. No. 24 at 12–13). The Court agrees. After a final order is issued in a § 2255 proceeding, an appeal may not be taken to the court of appeals unless a "circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). District courts can *sua sponte* grant or deny a certificate of appealability before a notice of appeal is filed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

A certificate of appealability may only issue if a petitioner has made a substantial showing of a constitutional violation. *Id.* § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). If a district court rejects a constitutional claim on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds, a certificate of appealability may only issue when jurists of reason could debate both the procedural ruling and the underlying substantive claims. *Id.*

Here, jurists of reason would not find it debatable that Petitioner's § 2255 motion should be denied on either substantive or procedural grounds, nor could they find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–37 (2003). Accordingly, a certificate of appealability is **DENIED**.

## CONCLUSION

For the foregoing reasons, Petitioner's objections (Civ. Dkt. No. 26) are **OVERRULED**, and the Court **ADOPTS** the Magistrate Judge's Report (Civ. Dkt. No. 24). Petitioner's motions for a stay (Civ. Dkt. No. 26, 29) are **DENIED**. Petitioner's motions for relief under 28 U.S.C. § 2255 (Civ. Dkt. Nos. 1, 8) are **DENIED**, and the Government's motion to dismiss (Civ. Dkt. No. 12) is **GRANTED**. A certificate of appealability is **DENIED**. The Court will enter a final judgment under separate cover.

It is so **ORDERED**.

**SIGNED** January 24, 2022.

                                          Marina Garcia Marmolejo
                                          United States District Judge